### DAVID MACONNEHEY v. THE STATE OF OHIO.

*Delirium tremens*, although the result or consequence of continued drunkenness, is insanity, or a diseased state of the mind, and affects responsibility for crime in the same way as insanity produced by any other cause.

THIS is a writ of error to reverse the judgment of the Court of Common Pleas of Muskingum county, on an indictment for the crime of shooting at a person with intent to kill. On the trial in the court below, after evidence had been given on the part of the State tending to sustain the indictment, the plaintiff in error gave evidence tending to prove, that at the time he did the act charged, he was laboring under an attack of *delirium tremens*. And after the evidence was closed, the plaintiff in error asked the court to charge the jury, that *delirium tremens*, although a consequence superinduced by antecedent continued drunkenness, is a diseased state of the mind, and exempts the subject from responsibility for crime, like insanity produced by any other cause. But the court refused so to instruct the jury, and the plaintiff in error excepted.

*Stillwell & Guille*, for plaintiff in error.

*McCook*, Attorney General, for the State.

BARTLEY, J.    While drunkenness creates no exemption from

criminal responsibility, and may even exaggerate the turpitude of guilt in some cases, *delirium tremens*, although the result or consequence of continued intoxication, is *insanity*, or a *diseased state* of the mind, which affects responsibility for crime in the same way as insanity produced from any other cause.

The reason that intoxication creates no exemption from criminal responsibility, does not apply to *delirium tremens*, which, although like many other kinds of mania, the result of prior vicious indulgence, is always shunned rather than courted by the patient, and is not voluntarily assumed, either as a cloak for guilt, or to nerve the perpetrator to the commission of crime.

*Judgment reversed, and cause remanded.*